UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN D.D.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-06855-TLN-CSK<br><br>A# 235-437-988<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Damian D.D.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2] (ECF No. 1.) Respondents filed an opposition. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

This Order addresses only Petitioner's detention. It does not address the validity of the voluntary departure agreement or provide any relief relating to Petitioner's obligations under the agreement or the consequences of failing to depart by the deadline.

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Pro se pleadings are given the benefit of liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who was last admitted to the United States on November 16, 2024, on a nonimmigrant B2 visitor visa. (ECF No. 7 at 1, 10.) Petitioner overstayed his visa. (*Id.* at 1.) On January 6, 2025, Petitioner applied for asylum, which remains pending. (*Id.* at 7.) Petitioner has no criminal history. (*Id.*) He is not subject to an order of removal. (*See id.* at 1.)

On August 13, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner in his home. (ECF No. 1 at 1–2.) That same day, Petitioner asserts ICE officers pressured or coerced him into signing voluntary departure documents without affording him an opportunity to consult with counsel or understand the meaning of the documents. (ECF No. 2 at 4.) The voluntary departure agreement requires Petitioner to depart the United States by September 13, 2026, at his expense. (ECF No. 7 at 18.) Petitioner also asserts he was pressured into purchasing an airline ticket to Mexico. (ECF No. 2 at 4.) However, ICE officials did not place Petitioner on that flight and instead moved him to other ICE detention centers. (*Id.*)

Petitioner is now detained at the California City Detention Facility. (*Id.*) He has a medical condition that requires continuous treatment, medication, and monitoring, but his treatment has now been interrupted. (*Id.*)

Respondents claim "Petitioner is in removal proceedings." (ECF No. 7 at 2.) However, Petitioner asks this Court to order Respondents to provide *inter alia* the Notice to Appear[3] "if any." (ECF No. 1 at 3–4.) The Court reasonably infers from Petitioner's requests and claims that he has never been served with a Notice to Appear. Indeed, the record is devoid of any evidence in support of Respondents' assertion that removal proceedings are pending. Additionally, the Court takes judicial notice that, as of September 3, 2026, there is no record of Petitioner's A# in the Executive Office for Immigration Review's Automated Case Information site.[4] The Court

---

[3] The Notice to Appear is the charging document that initiates removal proceedings. 8 C.F.R. § 1003.13.

[4] *See* Automated Case Information, U.S. Department of Justice, Executive Office for Immigration Review ("EOIR"), https://acis.eoir.justice.gov/en/caseInformation; Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . .

ordered Respondents to provide evidence of removal proceedings or a Notice to Appear for Petitioner by 3:00 p.m. on September 3, 2026. (ECF No. 8; *see also* ECF No. 4 (ordering Respondents to provide documents "relevant to the determination of the issues presented").) To date, Respondents have not provided any evidence of pending removal proceedings, nor requested additional time to make such a showing. Thus, on the record before it, the Court finds that Respondents have not initiated removal proceedings against Petitioner.

Petitioner has now been detained for three weeks. (ECF No. 1.) He filed the Petition to challenge the constitutionality of his civil detention. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[5] (*See* ECF No. 1.) Respondents contend Petitioner is subject to 8 U.S.C. § 1226(a), offer that he is entitled to receive a bond hearing, and argue that Petitioner should be required to exhaust his

can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information online "made publicly available by government entities").

[5] Finding relief warranted under the Fifth Amendment claim, the Court declines to address Petitioner's additional claims in favor of judicial economy.

remedies before seeking habeas relief.[6] (ECF No. 7.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

A. Liberty Interest

The Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025).

Respondents do not dispute that Petitioner has a liberty interest. (*See* ECF No. 7.) Petitioner has resided and worked in this country for nearly two years. He applied for asylum and was known to the government. Despite his interest in maintaining his liberty, Petitioner is now separated from his community, unable to work or adequately pursue his asylum claim, and his medical treatment has been interrupted. An agreement to voluntarily leave the country within a specific timeframe, even if valid, does not extinguish Petitioner's liberty while he is in the country. The Court thus finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause that is unquestionably affected by Respondents' actions detaining him.

B. Substantive Due Process

Government action infringing a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). Civil immigration detention is "nonpunitive in purpose and effect," thus, a

[6] Respondents do not identify what remedies Petitioner is obligated to exhaust (ECF No. 7 at 4), but the Court presumes counsel is arguing that Petitioner must first obtain a bond hearing.

"special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690.

Petitioner claims that he has been detained without proper authority and his detention is unjustified. (ECF No. 1.) Respondents counter that 8 U.S.C. § 1226(a) authorizes his detention. (ECF No. 7.) However, as Respondents state in their own brief, § 1226(a) authorizes detention for noncitizens "subject to removal proceedings." (*Id.* at 2.) *See* 8 U.S.C. § 1226(a) (permitting detention "pending a decision on whether the [noncitizen] is to be removed from the United States."). For detention to comply with § 1226(a), a Notice to Appear must be served prior to, or contemporaneously with, arrest. *See* 8 C.F.R. § 1236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizen] may be arrested and taken into custody[.]"). As discussed above, there is no evidence in the record that Respondents have initiated removal proceedings against Petitioner. Therefore, § 1226(a) cannot authorize Petitioner's detention.

Respondents offer no alternate authority or justification for Petitioner's detention. (*See* ECF No. 7.) Nevertheless, the Court considers some potential government interests: Respondents do not argue that Petitioner is a danger or a flight risk; Respondents' own documents note Petitioner has no criminal history; Petitioner is not subject to an order of removal; and he and his whereabouts were known to the government from his pending asylum application. (*Id.*)

Additionally, Respondents have not argued, and the Court cannot find, any particular interest in effectuating Petitioner's departure. Instead, Respondents appear to be hindering Petitioner's ability to voluntarily depart. Petitioner purchased a plane ticket, using his own funds, to depart to Mexico and Respondents, having full custody and control of Petitioner, did not place Petitioner on the plane. (ECF No. 1 at 4.) Neither party provides any explanation or justification for such conduct. (*See* ECF Nos. 1, 7.) Nor do Respondents explain how Petitioner can be expected to depart of his own volition within the time permitted when he has no control over his freedom and movement.

Finally, the agreement itself does not contemplate detention prior to departure. (*See* ECF No. 7 at 18.) It states Petitioner agrees to depart "at [his] expense," and it does not designate that

departure will be "under safeguard." (*Id.*) *See Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) (stating that "the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that [a noncitizen] remain in custody until he or she departs from the United States."). Thus, on the face of the agreement, Respondents did not declare a necessity or interest in detaining Petitioner prior to departure. (ECF No. 7 at 18.) Nor have they identified one since.

Therefore, the Court cannot find any justification for Respondents to detain Petitioner, let alone a "special justification" that outweighs Petitioner's liberty interest. Without applicable detention authority, sufficient justification, or an interest in detaining Petitioner, the Court finds Respondents have violated the Fifth Amendment in Petitioner's continued detention. Petitioner should be permitted to return to his home to make arrangements to comply with the agreement and, if desired, to consult with counsel as to his rights and obligations.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Damian D.D. (A# 235-437-988) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions and **must provide a copy of this Order**. Respondents shall file a notice of compliance with this provision by **September 9, 2026**.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner unless (1) he becomes subject to a final and executable order of removal and he is provided a minimum of seven-days' notice of that order and its nature as executable, or (2) Respondents comply with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At

any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. The Clerk of Court shall serve this Order on **California City Detention Center**.

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: September 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE